UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD OBERWISE,

    Plaintiff,

v.   CASE NO. 8:12-CV-2134-T-23TGW

JAMES MOORMAN, et al.

    Defendants.

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Motion to Proceed In Forma Pauperis (Doc. 2). The complaint, which alleges the defendants violated 42 U.S.C. 1983, is appropriately dismissed because it fails to state a cognizable claim.

The plaintiff sues his former state court public defender, and his counsel's supervisors. He alleges that counsel violated his constitutional rights by failing to represent him to his satisfaction. These claims are meritless because, among other things, his former attorney does not qualify as a state actor for purposes of §1983 liability, which is an essential element of a claim pursuant to 42 U.S.C. §1983. Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir.2005)( "[t]o establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law.").

Thus, the Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312 (1981); see also Pearson v. Myles, 189 Fed. Appx. 865 (11th Cir. 2006)(court-appointed defense counsel did not act under color of state law and thus was not subject to liability under § 1983). Accordingly, the plaintiff cannot properly allege that his defense counsel's purported ineffective assistance gave rise to § 1983 liability. See, e.g., Ganstine v. Williams, 476 Fed.Appx. 361, 364 (11th Cir. 2012).

Consequently, even construing this complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), it fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. 28 U.S.C. 1915(e)(2)(B)(ii).

Respectfully submitted,

THOMAS G. WILSON
DATED: OCT 2, 2012    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).